# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

June 24, 2022

Lyle W. Cayce
Clerk

No. 21-60330

Stanley Nyiah Leke,

*Petitioner*,

*versus*

Merrick Garland, *U.S. Attorney General*,

*Respondent*.

Petition for Review of an Order of
the Board of Immigration Appeals
No. A 213 189 691

Before Smith, Wiener, and Southwick, *Circuit Judges*.
Per Curiam:*

Stanley Leke is a native and citizen of Cameroon. He claims that he has suffered brutal treatment at the hands of Cameroonian government officials because they perceive him as a supporter of that country's Anglophone separatist movement. He seeks protection under the Convention Against Torture ("CAT"). An Immigration Judge ("I.J.") denied that request, and

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 21-60330

the Board of Immigration Appeals ("BIA") dismissed his ensuing appeal. Leke petitions for review. His sole claim appears to be that the BIA violated its own regulations when it failed to consider some of the evidence he introduced in support of his application. Because Leke hasn't exhausted that claim, we dismiss his petition for want of jurisdiction.

Before the I.J., Leke testified extensively about his experiences in Cameroon. He also introduced several pieces of nontestimonial evidence, such as doctor's notes, country-conditions evidence, and letters from his lawyer and brother. The I.J. found that Leke was not credible and held that that finding was sufficient to deny CAT protection. Even so, the I.J. analyzed and rejected the rest of his claim "in the interest of a thorough decision." Notably, in finding Leke not credible and addressing the remainder of his claim, the I.J. analyzed the nontestimonial evidence that Leke introduced.

Leke appealed. Among his arguments was that the I.J. erred in evaluating his credibility and the nontestimonial evidence he introduced. The BIA dismissed his appeal. It held that the I.J.'s credibility determination was not clearly erroneous and denied CAT protection on that basis. But it did not analyze some of Leke's nontestimonial evidence in making that decision.

Leke's petition for review does not contest the adverse-credibility determination. Instead, he claims that the BIA violated its own regulations by relying on the adverse-credibility determination without considering the additional, nontestimonial evidence he introduced.[1] But Leke has not exhausted that claim, so we lack jurisdiction to review it. *Ibrahim v. Garland*, 19

---

[1] *See* 8 C.F.R. § 1208.16(c)(3); *see also Arulnanthy v. Garland*, 17 F.4th 586, 597–98 (5th Cir. 2021) (explaining that the BIA violates § 1208.16(c)(3) when it "treat[s] [an] adverse credibility determination as dispositive of [an alien's] CAT claim" and fails to consider "independent, non-testimonial evidence . . . that could independently establish [an alien's] entitlement to CAT relief").

F.4th 819, 825 (5th Cir. 2021).

The exhaustion requirement demands that an alien present his claim to the BIA before he brings it to this court so that the BIA has a chance to correct the error. *Martinez-Guevara v. Garland*, 27 F.4th 353, 360 (5th Cir. 2022). This means that the alien's briefing "must 'raise,' 'present,' or 'mention' an issue to the BIA to satisfy exhaustion." *Omari v. Holder*, 562 F.3d 314, 321 (5th Cir. 2009). For example, if the petitioner's briefs to the BIA and then to this court make the same legal argument on an issue, and the petitioner also argues here that the BIA misapplied that law, no motion for reconsideration is needed. *Martinez-Guevara*, 27 F.4th at 360. In contrast, when the BIA's decision in an appeal "itself results in a new issue," the alien must exhaust the claim by filing a motion to reconsider or a motion to reopen with the BIA. *Id.* (quotation and citation omitted). New issues are ones that the BIA "never had a chance to consider" and that "arise[] *only* as a consequence of [its own] error." *Id.* (quotation omitted).

Under the distinctions we just set out, Leke's claim is a new, unexhausted issue. The I.J. considered and rejected the nontestimonial evidence he introduced. Then, Leke's brief to the BIA did not set out caselaw or make a factual argument that the BIA had to consider both his testimony and his other evidence in evaluating his CAT claim. The strongest allusion in Leke's briefing to the BIA regarding this issue is a statement that "his past torture on two occasions within the last three years, combined with the objective evidence of ongoing human rights conditions in the record, establishes a clear probability of future torture in Cameroon." That is not enough. Leke cannot "reasonably tie" his claim on appeal—that the BIA erred in relying on the adverse-credibility determination without considering the additional, nontestimonial evidence he introduced—to this statement alone. *See Martinez-Guevara*, 27 F.4th at 361. The BIA's failure to consider the record evidence in addition to Leke's credibility was thus a new error that "came into existence

3

only as a result of [its] decision." *Dale v. Holder*, 610 F.3d 294, 299 (5th Cir. 2010). Indeed, at least one other panel has already recognized as much in like circumstances (albeit in an unpublished opinion). *See Rodriguez-Perdomo v. Barr*, 784 F. App'x 258, 260–61 (5th Cir. 2019) (per curiam). So Leke's failure to move the BIA to reconsider its decision means that this issue has not been exhausted and that, as a result, we do not have jurisdiction to consider it.

The petition for review is DISMISSED for want of jurisdiction.